UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN FREDIANI,

                                          Plaintiff,

v.

THE UNITED STATES COURT OF APPEALS FOR
THE 11TH CIRCUIT,

                                          Defendant.
_____

DECISION AND ORDER

19-CV-6644L

       Plaintiff Steven Frediani ("plaintiff") was previously granted permission to proceed *in forma pauperis* pursuant to Fed. R. Civ. Proc. 24, by text order entered September 11, 2019. (Dkt. #3). Plaintiff now moves for a default judgment (Dkt. #5), on the grounds that the defendant, the 11th Circuit Court of Appeals ("11th Circuit"), has failed to timely answer his Complaint. Specifically, plaintiff asks this Court to grant the declaratory relief he seeks in the Complaint, and to order the 11th Circuit to receive, file, and deem timely, a certain motion by plaintiff. (Dkt. #1).

       Initially, plaintiff's motion for a default judgment must be denied, because plaintiff has not secured the Clerk's entry of default, a prerequisite for a default judgment. *See Monarch Nut Co., LLC v. Goodnature Prods.*, 2018 U.S. Dist. LEXIS 160232 at *93-*94 (W.D.N.Y. 2018) (entry of default is an essential prerequisite for a default judgment).

       Furthermore, the Court finds that the Complaint is subject to dismissal. The *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), requires a district court to assess an *in forma pauperis* complaint, and to dismiss it, where: (1) the action is frivolous or malicious; (2) the complaint fails

to state a claim on which relief may be granted; and/or (3) the complaint seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). This obligation applies equally to prisoner and non-prisoner *in forma pauperis* cases. *See e.g.*, *Chestnut v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 66530 at *5-*6 (E.D.N.Y. 2012).

It is well settled that pro se pleadings are held to less stringent standards than those drafted by attorneys. As such, the plaintiff is entitled to a liberal construction of his pro se Complaint, and the Court will interpret it using the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Furthermore, at this fledgling stage of the proceeding, the Court will assume the truth of the allegations in the Complaint.

In sum and substance, the Complaint alleges that plaintiff submitted to the 11th Circuit, by mail, a motion for reconsideration of a prior decision denying a Certificate of Appealability. (Dkt. #1 at 2-3). The 11th Circuit declined to file the motion, however, deeming it untimely, and refused to extend plaintiff's time to file. Plaintiff contends that the motion for reconsideration should have been deemed timely filed in the first instance, because plaintiff mailed it to the 11th Circuit within the allotted timeframe. Plaintiff accordingly asks that this Court order the 11th Circuit to deem plaintiff's motion for reconsideration timely, file it, and consider it on the merits.

The Court has reviewed the Complaint pursuant to 28 U.S.C. §1915, and finds that despite the liberal construction afforded to pleadings by a pro se litigant, and the Court's obligation to assume the truth of the factual allegations therein, the Complaint fails to state a federal claim upon which relief can be granted.

Initially, plaintiff sets forth no facts (nor is the Court aware of any) establishing this Court's jurisdiction or authority – or that of any federal district court – over the United States Court of Appeals for the 11th Circuit, which is a superior, appellate court situated in another state. *See* Fed. R. Civ. Proc. 8(a)(1). In the absence of any plausible allegation that this Court has jurisdiction over the parties and/or Constitutional authority to furnish the relief plaintiff requests, the Complaint must be dismissed.

Furthermore, even assuming *arguendo* that some basis for jurisdiction existed, plaintiff has failed to state a plausible claim. Plaintiff states that he received the decision denying a Certificate of Appealability on July 11, 2017, and acknowledges that he had 21 days to move for reconsideration. He argues that his motion for reconsideration should have been considered timely pursuant to 26 U.S.C. §7502 and 27 CFR 70.305, because it was mailed 20 days later, on July 31, 2017, even though it was not received and filed by the 11th Circuit until August 2, 2017.

The statutes cited by plaintiff in the Complaint are inapplicable: they relate solely to the timeliness of certain documents mailed to the Internal Revenue Service, and Alcohol and Tobacco Tax and Trade Bureau, respectively. *See* 26 U.S.C. §7502; 27 CFR 70.305.

In contrast, the applicable provisions of the Federal Rules of Appellate Procedure provide that for items mailed to a Circuit Court of Appeals, "filing is not timely unless the clerk *receives* the [mailed] papers within the time fixed for filing." Fed. R. App. Proc. 25(a)(2)(A)(i) (emphasis added). *See also* 11th Circuit Court of Appeals Pro Se Handbook at 11 (rev. January 2019) (a motion for reconsideration must be filed "within 21 days from the file date of the order. *No additional time is allowed for mailing*.") (emphasis added).

The Complaint alleges that the plaintiff's motion for reconsideration was not received by the 11th Circuit until August 2, 2017 – 23 days after the underlying decision was received by

3

plaintiff, and at least 2 days after the plaintiff's 21-day period to move for reconsideration expired. As such, accepting the factual allegations of the Complaint as true, plaintiff's motion for reconsideration *was* untimely as a matter of law, and the Complaint thus fails to state a claim that the 11th Circuit acted improperly when it rejected the motion on grounds of timeliness.

For the foregoing reasons, plaintiff's motion for default judgment (Dkt. #5) is denied, and the Complaint (Dkt. #1) is dismissed, sua sponte, in its entirety.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Decision and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 10, 2020.